Michael Doyle *et al.*

*v.*

Catharine M. Kelly *et al.*

1. Married woman — *power to execute promissory note.* While, according to the laws in force in 1870, a married woman might lawfully bind herself in a contract in relation to her separate property, yet the laws then in force conferred no power upon her to become a surety for her husband upon a debt or liability he might see fit to incur, and a promissory note given by her and her husband for a liability he had incurred, was *held* void as to the wife.

2. Same — *judgment and sale on note given by wife, void.* Where a married woman, in 1870, executed a judgment note as security for her husband, upon which judgment was entered, and her land was sold under execution issued thereon, and sheriff's deed executed to the purchaser therefor, it was *held*, on bill filed by the wife and her grantee, to set aside the judgment, sale and sheriff's deed, that the same were void, and properly set aside as a cloud upon the title.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. Thomas Shirley, for the appellants.

Mr. William T. Butler, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, exhibited by Catharine M. Kelly and Mary Jane Briggs, in the Superior Court of Cook county, against appellants, to set aside a certain judgment, certificate of sale and sheriff's deed, on the ground that they were void and a cloud upon the title to certain real estate owned by appellees.

Appellants answered the bill, and also filed a cross-bill, which was answered; replications having been filed, the cause was heard upon proof taken by each of the parties, and the court rendered a decree in favor of appellees, as prayed in the bill.

It appears, from the testimony, that appellee Catharine M. Kelly, in the spring of 1869, acquired certain real estate in Chicago, and obtained a deed for the property; that in the month of May, 1870, she and her husband, John J. Kelly, executed a judgment note for $450, payable to appellants. At the time the note was given, appellants were sureties for John J. Kelly on an administrator's bond, and in the event Kelly should fail to account for the assets in his hands, they would be liable for about $450, and Kelly gave appellants this note, his wife signing with him as his surety, to indemnify them against loss as sureties on the bond.

On the 13th of July, 1870, Kelly died, and on the day of his death, appellants caused to be entered in the recorder's court in Chicago, a judgment against Kelly and his wife upon the judgment note, for the amount of the note, and costs.

Upon this judgment an execution was issued, and the real estate of appellee Catharine M. Kelly sold, a certificate of sale filed, and, subsequently, a sheriff's deed executed and delivered to appellants.

Appellee Kelly subsequently sold the property to Mary J. Briggs. This judgment and sale having been discovered upon the

record, a portion of the purchase money was held back, and the two joined in this bill to remove the judgment, sale and deed as a cloud upon the title to the property.

At the time appellee executed the judgment note with her husband, she was under the disability of coverture, and while she might lawfully bind herself in a contract in relation to her own separate property, the law conferred no power upon her to become security for her husband upon a debt or liability he might see proper to incur. As to appellee Kelly, the judgment note was void, the judgment rendered upon it a nullity, and the sale of her land upon the judgment did not divest her of title, or transfer any title to appellants.

The judgment, certificate of sale, and sheriff's deed, standing upon the record, were a cloud upon the title of appellee's property, which a court of equity might properly remove by decree.

At the time Catharine M. Kelly acquired the property, it does not appear, from the record, that her husband was indebted to appellants, nor does it appear that he was insolvent, or indebted in any amount whatever; and hence it is unnecessary to inquire whether she purchased the property with her own separate money, or whether she derived it from her husband.

We have carefully examined the evidence in the record, and regard it ample upon which to base the decree.

The decree of the Superior Court will be affirmed.

_Decree affirmed._